IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CALEB CHAMBERLAIN and KRISTOPHER TRINDER,<br><br>      On behalf of Plaintiffs and Class,<br><br>vs.<br><br>CROWN ASSET MANAGEMENT,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND AND CERTIFY THE COURT'S ORDER [ECF 44] FOR INTERLOCUTORY REVIEW<br><br>Case No. 1:21-CV-00146-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Crown Asset Management's ("Defendant") motion to amend and certify the court's order denying Defendant's motion to reassign case, granting in part and denying in part Defendant's motion to dismiss, entered June 15, 2022 [ECF 44] (the "Order"). The parties have briefed the motion. The court concludes that a hearing on the motion would not significantly aid in its determination of the matter. Accordingly, the court enters the following memorandum decision and order based on the materials submitted by the parties and the law and facts relevant to the motion.

BACKGROUND

This case is based on claims that Defendant violated both the Federal Debt Protection Act (the "FDCPA") and the Utah Consumer Sales Practice Act (the "UCSPA") by engaging in deceptive and unconscionable acts when it collected Caleb Chamberlain and Kristopher Trinder's debts (the "Plaintiffs"). This case involves the intersection of the Utah Collection Agency Act with the FDCPA and with the UCSPA, as well as involves issues of common and constitutional law. Using various arguments, Defendant moved to dismiss this case earlier this

year. In June, the court made many findings in the Order and ultimately granted the motion to dismiss in part. As a result, both the FDCPA and the UCSPA claims remain – although the Tenth Circuit's decision on the *McMurray v. Forsythe Fin., LLC*, 2021 WL 83265 (D. Utah 2021), appeal is notably needed before this case can eventually finish.

Ten days after the Order was entered, Defendant filed the present motion for certificate of appealability of one legal issue that the court ruled on – whether Petition Clause immunity bars Plaintiffs' FDCPA claims. In the Order, the court found that it does not. Another judge in the District of Utah, Judge Nielson, came to the opposite conclusion in the prior case *Holmes v. Crown Asset Mgmt., LLC*, 2021 WL 3473050 (D. Utah 2021). Defendant now seeks immediate appeal of the Order under 28 U.S.C. § 1292(b) so that this question of law can be resolved by the Tenth Circuit as soon as possible.

## DISCUSSION

It is permissible for a court to certify an order for interlocutory appeal if such order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). However, interlocutory appeals should rarely be certified. *See Pack v. Investools, Inc.*, 2011 WL 2161098, at *1 (D. Utah June 1, 2011). Thus, even when the § 1292(b) statutory requirements are met, district courts retain the "authority to decide whether to certify an order for interlocutory appeal." *Id*. If the order was initially silent about appealability, the court can later certify its order by amending it. Fed. R. App. P. 5(a).

The first § 1292(b) statutory requirement for interlocutory appeal is that the relevant order involve a controlling question of law. A question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *United States v.*

*Intermountain Healthcare, Inc.*, 2022 WL 742693, at *1 (D. Utah Mar. 11, 2022) (citing *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)). Such a question "must be stated at a high enough level of abstraction to lift [it] out of details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *SleepBit, LLC v. Push Software Interactions Inc.*, 2019 U.S. Dist. LEXIS 184646, at *4 (N.D. Okl. Oct. 25, 2019) (quoting *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004)). A question of law is controlling if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Anderson v. Hickenlooper*, 2012 U.S. Dist. LEXIS 135269, at *6-7 (D. Colo. Sept. 21, 2012) (citing *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assoca., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996)).

      The question here that Defendant wishes the Tenth Circuit to answer is: Does it offend the Petition Clause of the United States Constitution to punish an unregistered debt collector in Utah for criminally violating Utah law by filing a debt-collection lawsuit? This is a sufficiently abstract question of constitutional law – the answer to which will greatly affect the further course of this litigation. The answer will affect the court's analysis and treatment of the surviving FDCPA and UCSPA claims, and it might even lead to the termination of the action. Thus, this question qualifies as a controlling question of law.

      The second statutory requirement for interlocutory appeal is that there be substantial ground for difference of opinion about the controlling question of law. A substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Roberts v. C.R. England, Inc.*, 2018 WL 2386056, at *2 (D. Utah Apr. 24, 2018). When "novel legal issues are

presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting the development of contradictory precedent." 2 Fed. Proc., L. Ed. § 3:218; *see also Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011); *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994); *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013).

There are only two cases in the District of Utah that contain decisions regarding whether the Petition Clause bars punishment for filing a debt-collection lawsuit in Utah as an unregistered debt collector – this case and the *Holmes* case, which are split on this issue. Both of these decisions have taken place within the last year. There is as yet no decision from the Tenth Circuit that addresses this key issue – hence the occurrence of this recent intra-district split. The court finds that this is a novel issue on which fair-minded jurists can reach, and have reached, contradictory conclusions. It is an issue that the Tenth Circuit could address immediately to resolve the intra-district split before more contradictory precedent develops. Accordingly, the court concludes that there is a substantial ground for difference of opinion about the controlling question of law.

The third requirement for an interlocutory appeal is that the appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To meet this requirement, the appeal must "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Intermountain Healthcare*, 2022 WL 742693, at *1.

It is clear to the court that the requested appeal would materially advance the ultimate termination of the litigation because it would greatly clarify the law regarding the treatment of

4

FDCPA and UCSPA claims in the District of Utah. Such clarification would simplify the issues of this case, hasten the resolution of this action, and possibly eliminate the need for trial entirely.

Based on the foregoing, the court concludes that all of the § 1292(b) requirements for an interlocutory appeal are met. The court also notes that at present this case is still awaiting the Tenth Circuit's *Forsythe* decision before it can be resolved, and the consideration of the constitutional issue at hand may be helpful overlap with *Forsythe* for the Tenth Circuit. Consequently, it would be judicially efficient as well to allow the requested interlocutory appeal. Thus, the court, in its discretion, chooses to amend and certify the Order to allow the interlocutory appeal of the discussed controlling question of law – whether the Petition Clause of the United States Constitution bars punishment of a debt collector that violated Utah law by filing a debt-collection lawsuit in Utah as an unregistered debt collector.

## CONCLUSION

Based on the above reasoning, the court GRANTS Defendant's motion to amend and certify the court's order, ECF 44, for interlocutory review.[1]

DATED this 17th day of August, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[1] This decision renders Defendant's motion to stay, ECF 59, moot. Although the motion to stay touches on some arguments as to why the case should be stayed pending interlocutory appeal, the only actual request of the court in that motion is that the case be stayed until this order on the motion to amend and certify ECF 44 for interlocutory appeal be entered. This requested stay is no longer necessary, so the court dismisses ECF 59 as moot. Should Defendant wish to stay proceedings during interlocutory appeal, Defendant may file a new motion to stay with that request and supporting arguments.