IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CALEB CHAMBERLAIN and KRISTOPHER TRINDER, individuals,<br><br>Plaintiffs on behalf of Class,<br><br>vs.<br><br>CROWN ASSET MANAGEMENT, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION<br><br>Case No. 1:21CV146 DAK-JCB<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Crown Asset Management, LLC's ("Crown") Motion to Compel Arbitration and to Stay Litigation. The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to Local Rule 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(g). For the reasons discussed below, the court denies Crown's motion on the ground that Crown has waived its right to arbitrate this case.

Plaintiffs in this action allege that Defendant has violated the Fair Debt Collection Practices Act and the Utah Consumer Practices Act, as more fully set forth in the court's previous Memorandum Decision dated June 15, 2022.[1] For purposes of the instant motion, Plaintiffs do not dispute that the underlying cardholder agreements contain a valid arbitration

---

[1] ECF No. 44.

1

agreement that covers their claims.[2] The parties agree that the underlying arbitration agreements are subject to the Federal Arbitration Act ("FAA").[3] It is Plaintiffs' burden to show that Defendant has waived its right to demand arbitration.[4]

Thus, the issue to be decided in this motion is whether Defendant has waived its right to arbitrate these claims.[5] Federal courts "have consistently held that federal law is used to determine whether the right to arbitrate has been waived." *Paparazzi, LLC v. Sorenson*, No. 4:22cv00028, 2023 WL 2760593, at *2 n.13 (D. Utah April 3, 2023) (quoting *Kathan v. Autovest, LLC*, No. 2:19cv00486, 2019 WL 4757870, at *1 (D. Utah September 30, 2019)).

---

[2] Pls.' Mem. in Opp'n, ECF No. 84, at p. 5.

[3] The court notes, however, that contrary to Defendant's assertions that the Supreme Court has emphasized that the FAA embodies a "national policy favoring arbitration," the United States Supreme Court clarified in 2022 that the Federal Arbitration Act's policy, is about treating arbitration contracts like all other contracts, "not about fostering arbitration." *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1713 (2022); see also *National Foundation for Cancer Research v. A. G. Edwards & Sons, Inc.*, 821 F.2d 772, 774 (D.C. Cir. 1987) ("The Supreme Court has made clear" that the FAA's policy "is based upon the enforcement of contract, rather than a preference for arbitration as an alternative dispute resolution mechanism").

[4] *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 775 (10th Cir. 2010).

[5] The court recognizes that cardholder agreements also contain an anti-waiver provision. The court assumes without deciding that the Tenth Circuit would follow the lead of the Second, Third, and Sixth Circuits in holding that a "no-waiver" provision in an arbitration agreement does not alter the court's analysis of the so-called "*Peterson* factors," discussed below, in determining whether the right to arbitration was waived. See *Funderburke v. Midland Funding, L.L.C* , No. 12-2221-JAR/DJW, 2013 WL 394198, at * 7 (D. Kan. Feb 1, 2013) (citing *S & R Co. of Kingston v. Latona Trucking, Inc.,* 159 F.3d 80, 86 (2d Cir.1998); *Gray Holdco, Inc. v. Cassady,* 654 F.3d 444, 452 (3d Cir.2011); *Johnson Assocs. Corp. v. HL Operating Corp.,* 680 F.3d 713, 717 (6th Cir.2012)).

2

There is no set rule for what constitutes waiver of the right to arbitrate a dispute—it depends on the facts and circumstances of each case.[6] The Tenth Circuit has formulated the following factors, which are sometimes referred to as "the *Peterson* factors," for courts to consider in determining whether a party has waived its right to arbitration:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.[7]

*In re Cox Enters., Inc. Set-Top Cable Tel. Box Antitrust Litig.*, 790 F.3d 1112, 1115 (10th Cir. 2015) (quoting *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 535 F.2d 598, 604 (10th Cir. 1976)); *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 772–73 (10th Cir. 2010); *Peterson v. Shearson/Am. Exp., Inc.*, 849 F.2d 464, 467–68 (10th Cir. 1988). This list is not exhaustive or exclusive, and not all factors are relevant to every case.[8] The "overarching consideration is 'whether the party now seeking arbitration is improperly manipulating the judicial process.'"[9]

---

[6] *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 772 (10th Cir. 2010).

[7] The court finds, however, that the sixth factor regarding a showing of prejudice, is no longer required in light of the Supreme Court's recent decision in *Morgan v. Sundance*, 142 S.Ct. 1708 (2022).

[8] *See BOSC, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 170 (10th Cir. 2017)

[9] *Id*. at 1174 (quoting *Hill v. Ricoh Am. Corp.*, 603 F.3d 766, 772 (10th Cir. 2010).

Based on the litigation history of the instant case, which is set forth below, and considering the relevant factors set forth by the Tenth Circuit, this court finds that Defendant's actions are inconsistent with the right to arbitrate; that the "the litigation machinery has been substantially invoked;" that the parties "were well into preparation of a lawsuit" before Defendant notified Plaintiff of an intent to arbitrate; and that Defendant delayed for a long period before seeking a stay. In sum, granting Defendant's motion at this stage would permit manipulation of the judicial process, which this court declines to do.[10]

On October 6, 2021, Plaintiffs filed this action in state court.[11] Defendant, however, did not seek to enforce its right to arbitrate in state court; rather, on November 9, 2021, Defendant removed the case to federal court.[12] Notably, the Notice of Removal does not mention the possibility of arbitration.[13] After filing multiple requests for extensions of time, on January 21,

---

[10] Defendant argues that Plaintiffs' waiver arguments have been rejected not only by federal courts across the country but specifically by this very court. *See* Mot. to Compel, ECF No. 78, at 12. That statement, however, is not accurate. Defendant cites *Reifenberger v. Autovest LLC*, No. 2:20-CV-571-DAK-JCB, 2021 WL 212237 (D. Utah Jan. 21, 2021) to support its argument that this court has previously rejected plaintiffs' waiver arguments. In *Reifenberger*, the facts and waiver arguments were significantly different from the facts and arguments in this case. Specifically, in *Reifenberger*, the plaintiff opposed the defendants Motion to Compel Arbitration on the ground that the defendant had waived its right to arbitrate by filing its prior debt collection action in state court to collect on the plaintiff's outstanding debt. Here, while Defendant in the instant action also filed collection actions in state court, the court's analysis is based solely on Defendant's conduct in this court—not in the underlying collection actions. Thus, this court's decision in *Reifenberger* has no bearing on its decision in the instant case, as the two cases are vastly different.

[11] ECF No. 2.

[12] *Id*.

[13] *Id*.

2022, Defendant filed a Motion to Dismiss.[14] In the motion, Defendant sought dismissal of the action on the merits and raised several defenses which, if accepted, would have resulted in dismissal with prejudice.[15]

Almost one month later, on February 17, 2022, Defendant also filed a "Motion to Transfer," asking this court to "transfer this action to the Central Division of the US District Court, to be assigned to Judge Howard C. Nielson, Jr.," a judge who had recently ruled in Defendant's favor in a different case that involved the same legal issue.[16] Defendant did not mention any intent to arbitrate in its Motion to Dismiss, its Motion to Transfer Venue, or in either of its reply briefs pertaining to these two motions.

The court held oral argument on both motions on June 1, 2022.[17] During oral argument, Defendant did not mention any intention to arbitrate the case. On June 15, 2022, the court issued a Memorandum Decision and Order, which denied Defendant's Motion to Reassign Case and granted in part and denied in part its Motion to Dismiss. The court disagreed with Judge Nielson's determination on the constitutional issue on which Defendant had previously prevailed.[18] Because of these contrary decisions within the District, on June 25, 2022,

---

[14] ECF Nos. 5, 7, 9, 11, and 16.

[15] *Id*.

[16] ECF No. 17.

[17] ECF No. 43.

[18] ECF No. 44.

Defendant filed a Motion to Certify the Court's Order for Interlocutory Review.[19] Defendant's briefing on this motion did not mention an intent to arbitrate.[20]

Prior to Defendant's filing of its new motion on June 25, the assigned magistrate judge had ordered the parties to meet and confer regarding an initial scheduling order.[21] Plaintiffs served Defendant with a proposed scheduling order five days later.[22] According to Plaintiffs' Motion for Initial Scheduling Conference, which they filed on July 7, 2022, Defendant did not respond to Plaintiffs' counsel's attempts to confer about the scheduling order, as directed by the magistrate judge.[23] Plaintiffs' proposed scheduling order, which Plaintiffs had completed based on the court's standard scheduling order template, includes a question regarding the parties' intention to pursue arbitration or mediation.[24] Defendant opposed holding an initial scheduling conference because, Defendant argued, a potential appeal to the Tenth Circuit could be dispositive, rendering the scheduling conference moot.[25] Again, Defendant did not raise the

---

[19] ECF No. 46.

[20] *Id.*

[21] ECF No. 45.

[22] ECF No. 47, at 2.

[23] *Id*. at 1-2.

[24] *Id*. at 4-5.

[25] ECF No. 49.

possibility of arbitration in its opposition memorandum. The magistrate judge set a Scheduling conference for August 9, 2022.[26]

Defendant had also failed to file an Answer within 14 days of the court's June 15, 2022, ruling on the Motion to Dismiss, as required by Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure. Defendant presumably—but inaccurately—believed that it did not need to file an Answer in light of its pending motion regarding a possible interlocutory appeal. Had Defendant filed an Answer, it might have asserted as an affirmative defense its arbitration provision, but it missed that opportunity.

Approximately one month after filing its Motion to Certify an Interlocutory Appeal, Crown filed a Motion to Stay the case on August 5, 2022, asking the court to stay the proceedings pending the court's decision on the interlocutory appeal issue.[27] Defendant still did not mention the possibility of arbitration. In light of the Motion to Stay, the magistrate judge vacated the August 8, 2022, Scheduling Conference.[28] On August 17, 2022, the court granted Defendant's Motion to Certify the Court's Order for Interlocutory Review,[29] found the Motion to Stay moot, and ordered the parties to comply with the local rules regarding scheduling conferences.[30] On October 5, 2022, the court granted a Stipulated Motion to Stay Pending

---

[26] ECF Nos. 57, 58.

[27] ECF No. 59.

[28] ECF No. 62.

[29] ECF No. 64.

[30] ECF Nos. 64, 70.

Appeal.[31] On October 7th, 2022, the Tenth Circuit denied Defendant's request for an interlocutory appeal.[32] The court then lifted the Stay and ordered the parties to comply with the local rules regarding scheduling conferences.[33] On November 1, 2022, the parties jointly filed a Motion for an Initial Scheduling Conference.[34] In that motion, Defendant argued that discovery would be premature and for the first time mentioned that Defendant would soon file a Motion to Compel Arbitration.[35] The court set a scheduling conference for 11/14/2022.[36] At the scheduling conference, the magistrate judge did not enter a scheduling order but made a finding "that discovery has started."[37]

On November 30, 2022—approximately a year after Defendant removed the instant case to federal court—Defendant filed the instant Motion to Compel Arbitration. After Defendant sought and obtained extensions of time to file its Reply Memorandum, the motion was fully briefed on February 2, 2023. [38]

---

[31] ECF No. 67.

[32] ECF No. 70. The Tenth Circuit issued another Order on October 13, 2022, correcting a scrivener's error. *See* ECF No. 71.

[33] ECF Nos. 69, 70.

[34] ECF No. 72.

[35] *Id.* at 1.

[36] ECF No. 75.

[37] ECF No. 76.

[38] ECF No. 90.

The court finds that it was only after losing before this court and having its interlocutory appeal denied that Defendant decided to pursue arbitration. This court—including the undersigned judge, the magistrate judge, and their staffs—and the parties have devoted significant time to this litigation. As the Tenth Circuit pointed out in *Hill v. Ricoh Americas Corp.*, an "important consideration in assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process."[39] In *Hill*, the court discussed an "instructive example" found in an Eighth Circuit case, *Hooper v. Advance America, Inc.,* which concerned payday-loan agreements containing mandatory arbitration clauses.[40] The class-action plaintiffs' complaint included one count asking the court to declare the arbitration clauses invalid because they were unconscionable and six counts challenging the defendant's various lending practices. The defendant moved to dismiss the complaint on several grounds.[41] "In the last sentence of its brief, [the defendant] purported to 'reserve[ ] the right' to enforce the arbitration clauses in [p]laintiffs' loan agreements, if the court denied its motion to dismiss."[42] After the district court denied the motion to dismiss on five of the lending-practices counts, the defendant moved to stay the case and compel arbitration.[43] The defendant

---

[39] *Hill,* 603 F.3d 766, 774 (10th Cir. 2010); *see also BOSC, Inc. v. Bd. of Cnty. Comm'rs*, 853 F.3d 1165, 1174 (10th Cir. 2017).

[40] 589 F.3d 917, 919 (8th Cir.2009).

[41] *Id.*

[42] *Id.*

[43] *See id.* at 920.

appealed. Recognizing that the defendant, in seeking a decision on the merits on each count, had sought "an immediate and total victory in the parties' dispute," the Eighth Circuit determined that the defendant "wanted to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration."[44] The Eighth Circuit agreed with the district court that "'want[ing] to play heads I win, tails you lose . . . is the worst possible reason' for [a party's] failing to move for arbitration sooner than it did."[45]  Thus, the Eighth Circuit found that sending the case to arbitration would allow manipulation of the judicial process.[46]

Litigants cannot play "fast and loose with judicial machinery" waiting "to see how the case was going in federal district court before deciding whether it would be better off there or in arbitration."[47] In the instant case, the court finds that it would be unjust to enforce the arbitration provision (and the antiwaiver provision) in the cardholder agreements when Defendant, through its own course of conduct has waived the benefits of the provision's protection. Defendant had hoped for an immediate victory when it filed its Motion to Dismiss and then when it filed its Motion to Certify Order for Interlocutory Appeal, but when the

---

[44] *Id.* at 922 (internal quotation marks omitted).

[45] *Id.*

[46] *Id.*; s*ee also Khan v. Parsons Global Servs., Ltd.,* 521 F.3d 421, 427 (D.C. Cir.2008) (court did not wish to "encourage parties to attempt repeat litigation of merits issues not resolved to their satisfaction, undermining the policy that arbitration may not be used as a strategy to manipulate the legal process.")

[47] *Born v. Progrexion Teleservices, Inc.*, No. 2:20-CV-00107, 2020 WL 4674236, at *9 (D. Utah Aug. 11, 2020)

possibility of that victory was foreclosed over a year later, Defendant decided to pursue arbitration. Plaintiffs have met their burden of demonstrating that Defendant has waived its right to arbitrate this dispute.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration [ECF No. 78] is DENIED.

DATED this 3rd day of July, 2023.

BY THE COURT:

DALE A. KIMBALL
United States District Judge